**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

SYDNI MATTHEWS, # 895848,

        Petitioner,                       Case Number:  18-cv-10763

v.

SHANE JACKSON,

        Respondent.

_____

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS,**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS,**
**AND DENYING CERTIFICATE OF APPEALABILITY**

**I.  INTRODUCTION**

Michigan prisoner Petitioner Sydni Matthews filed this habeas corpus petition under 28 U.S.C. § 2254.  Petitioner, who is proceeding *pro se,* challenges his armed robbery conviction, Mich. Comp. Laws § 750.529.  Respondent, through the Attorney General's Office, has filed a motion to dismiss arguing that the petition was not timely filed (ECF No. 8.).  For the reasons set forth below, the court denies the motion to dismiss.  Further, the court denies the petition for writ of habeas corpus and declines to issue a certificate of appealability.

**II.  BACKGROUND**

The Michigan Court of Appeals summarized the evidence presented at trial:

> According to Danielle Linihan, on June 13, 2013, she was working her first shift at a Subway store in Pontiac.  At around 9:30 p.m., a man called the store and asked if a manager was available.  Linihan responded that she was the only person in the store and it was her first time closing the store.  The man said he was Sydni and asked when he next worked.

> At 9:55 p.m., a man came into the store, pointed a gun at Linihan, and told her to give him "all the money." The man wore a bandana over the bottom of his face, but she could see his eyes, nose, and sideburns. Linihan tried to use a key to open the register, but the man asked for her employee number, which he then entered into the register to open it. The man also asked for the safety deposit box where the store kept additional small bills. Linihan estimated that the man stole about $220, some of which was wrapped in rubber bands.
>
> Linihan called the police and Bradley Brock, the store owner. Brock testified that he and Dawn Graham, a district manager, came to the store. According to Brock, he immediately recognized Matthews in the surveillance video because of his walk, stature, and profile. Graham testified that Matthews walked with a "strut" and always entered the store in the same way. Brock also testified that three days before the robbery, he had reconnected the store's surveillance equipment after he discovered that someone had tampered with it. Linihan testified that, after she watched the surveillance video, she realized that the man on the video had the same voice as the man who had called the store.
>
> Officers went to Matthews's residence and arrested him. Officers found a BB gun and cash wrapped in a rubber band. The cash included ninety-five $1 bills, four $20 bills, and two $5 bills, some of which were rubber-banded. Linihan testified that officers escorted Linihan to Matthews's home. Linihan identified Matthews immediately and was "one hundred percent certain" that Matthews had robbed the store.

*People v. Matthews*, No. 319877, 2015 WL 1277000, at *1 (Mich. Ct. App. Mar. 19, 2015)

Petitioner was convicted of armed robbery by a jury in Oakland County Circuit Court. On December 11, 2013, the trial court sentenced him to 20 to 60 years imprisonment. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v.* Matthews, No. 319877, 2015 WL 1277000 (Mich. Ct. App. March 19, 2015). On September 29, 2015, the Michigan Supreme Court denied leave to appeal. *People v. Matthews*, 498 Mich. 885 (Mich. 2015).

Petitioner filed a motion for relief from judgment on August 18, 2016. The trial court denied the motion. See 11/3/16 Op. & Ord (ECF No. 9-7). The Michigan Court of

2

Appeals dismissed Petitioner's delayed application for leave to appeal "for failure to pursue the case in conformity with the rules." *People v. Matthews*, No. 336222 (Mich. Ct. App. Apr. 4, 2017). Before expiration of the time for seeking leave to appeal in the Michigan Court of Appeals, Petitioner filed a second application for leave to appeal. The Michigan Court of Appeals denied leave to appeal "because defendant failed to establish that the trial court erred in denying his motion for relief from judgment." *People v. Matthews*, No. 336647 (Mich. Ct. App. May 12, 2017).

Petitioner filed an application for leave to appeal the Michigan Court of Appeals' April 4, 2017 decision dismissing his appeal on procedural grounds. The Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions should be review[ed] by this Court." *People v. Matthews*, 501 Mich. 975 (Mich. Feb. 20, 2018). Petitioner did not seek leave to appeal the Michigan Court of Appeals' May 12, 2017 decision. *See* 9/6/18 Affidavit of Larry Royster, Clerk, Michigan Supreme Court (ECF No. 9-13).

Petitioner filed the pending habeas petition on March 2, 2018. Respondent filed a motion to dismiss on the ground that the petition was not timely filed. Petitioner has not filed a response to the motion.

**III.  STANDARD**

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted). Under § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with

4

the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief may be granted only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. DISCUSSION

### A. Respondent's Motion to Dismiss

Respondent argues that the petition is time-barred. The statute of limitations is not a jurisdictional bar to habeas review. *Smith v. State of Ohio Dep't of Rehabilitation*, 463 F.3d 426, 429 n.2 (6th Cir. 2006). A federal court may proceed to the merits of a habeas petition rather than resolve the time-bar question. *Id*. In the interest of judicial economy, where addressing a statute of limitations or procedural default issue "would only complicate [a] case," a court may choose to "cut to the merits" of a petitioner's claims. *Thomas v. Meko*, 915 F.3d 1071, 1074 (6th Cir. 2019). In this case, the timeliness question is complicated by parallel proceedings on state-court collateral review and the court opts to proceed to the merits of Petitioner's claims.

5

### B.  Scoring of Offense Variables  (Claim I)

Petitioner's first claim concerns the scoring of his sentencing guidelines.  He argues that he was improperly scored 15 points for offense variable (OV) 10 when the evidence did not support a finding that he engaged in predatory conduct in the exploitation of a vulnerable victim.  *See* Mich. Comp. Laws § 777.40.  Petitioner also challenges the scoring of OV-13, which allows for the scoring of 25 points if the defendant engaged in a pattern of criminal behavior.  *See* Mich. Comp. Laws § 777.43.  Petitioner argues that the trial court improperly considered a prior juvenile adjudication when assessing Petitioner's pattern of criminal behavior.

Petitioner raised this claim on direct review.  The Michigan Court of Appeals held that the offense variables were scored correctly.  *Matthews*, 2015 WL 1277000 at *3.  First, predatory conduct is defined as "preoffense conduct directed at a victim … for the primary purpose of victimization." *Id.*  Petitioner called the store about twenty minutes before the robbery and ascertained Linihan was alone and that it was her first day on the job. Id at *4.  The court of appeals concluded that because this conduct "occurred before the robbery and was directed [at] Linihan, a victim who was susceptible because of the time of the offense, for the primary purpose of victimizing her" the trial court properly assessed 15 points under OV 10.  *Id.*  The state court also held OV-13 was properly scored because the statute allowed the trial court to consider prior criminal activity without regard to whether it resulted in a conviction.  *Id.*

Petitioner has failed to show that the Michigan Court of Appeals' decision was contrary to, or an unreasonable application of, federal law.  "A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of

6

state concern only." *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). And "federal habeas corpus relief does not lie for errors of state law." *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

Petitioner argues that his sentencing claim rises to the level of a constitutional violation because he was sentenced on the basis of inaccurate information. It is true that a sentence based on "extensively and materially false" information which the defendant had no opportunity to correct may state a federal due process violation. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). But Petitioner has not established that he was sentenced on the basis of false information. He contests the interpretation and application of the information before the trial court, not the accuracy of the information. Petitioner's claim that the state court made an "analytical error" in scoring his guidelines is not cognizable on federal habeas review. *Combs v. Gidley*, No. 17-CV-13956, 2018 WL 339718, at *2 (E.D. Mich. Jan. 9, 2018).

Habeas relief is denied.

### C. Sufficiency of the Evidence (Claims II, IV, V, and VI)

Petitioner's second, fourth, fifth, and sixth claims challenge the sufficiency of the evidence. Petitioner argues that insufficient evidence supported his identity as the robber. He also maintains that the trial court erred in denying his motion for a directed verdict.

Under Michigan law, the elements of armed robbery are: "(1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute." *People v. Johnson*, 206 Mich.

App. 122, 123, 520 N.W.2d 672, 673 (1994). The Michigan Court of Appeals held that sufficient evidence supported Petitioner's conviction:

> Matthews contends that nothing in the video evidence supported Brock and Graham's statements that Matthews had a distinctive walk, and that the remaining evidence did not prove his identity. "[I]dentity is an element of every offense." *People v. Yost*, 278 Mich.App 341, 356; 749 NW2d 753 (2008). This Court will not interfere with the trier of fact's role to determine the weight of the evidence or the credibility of the witnesses. *People v. Kanaan*, 278 Mich. App. 594, 619; 751 N.W.2d 57 (2008).
>
> In this case, the jury was able to view the surveillance video and assess the credibility of the witnesses' statements. Further, there was other evidence supporting Matthews's identity as the robber, including the robber's knowledge of the store and its processes, Linihan's identification, the amount and type of cash stolen from the store and found in Matthews's possession, and Matthews's spontaneous statement to arresting officers that "[t]his must have been related to my work[.]" We decline to substitute our credibility assessment for that of the jury and conclude that a rational trier of fact could find that the prosecutor proved Matthews's identity beyond a reasonable doubt.
>
> In his pro-se supplemental brief, Matthews also argues that the circumstantial evidence in this case was too speculative to support his conviction. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. *Id.* at 622. Matthews's belief that the prosecutor must prove a case involving circumstantial evidence to an "impelling certainty" rests on a misstatement of the law. *See People v. Ericksen*, 288 Mich. App. 192, 196; 793 N.W.2d 120 (2010). The burden to prove a case is "beyond a reasonable doubt," regardless of whether the case rests on direct or circumstantial evidence. *Id.* For the reasons previously stated, a rational jury could find from the evidence in this case that Matthews was the robber.

*Matthews*, 2015 WL 1277000, at *2.

The Michigan Court of Appeals' decision was not contrary to, or an unreasonable application of, Supreme Court precedent. On habeas review, "two layers of deference" apply to a sufficiency of the evidence claim. *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the

8

Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted)). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*.

Petitioner does not satisfy this two-level standard of review. He does not show that the state court's decision was unreasonable nor does he call into doubt any of the state court's factual determinations. Petitioner advances several reasons why the witnesses' identification testimony was unreliable. But on habeas review, the court is "not at liberty to reweigh the evidence or reassess the credibility of witnesses." *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020). The jury was free to credit the witnesses' identification testimony.

He also challenges the sufficiency of the evidence because, in his estimation, the evidence against him was largely circumstantial. This argument is unavailing because the Supreme Court has never held that a conviction cannot be based upon circumstantial evidence. Indeed, "[c]ircumstantial evidence ... is intrinsically no different from testimonial evidence." *Holland v. United States*, 348 U.S. 121, 140 (1954). Such evidence "may support a conviction, and … need not remove every reasonable hypothesis except that of guilt." *Hill v. Mitchell*, 842 F.3d 910, 934 (6th Cir. 2016) (internal quotation omitted). Circumstantial evidence need only satisfy the same standard applied to all types of evidence – it must convince the jury of a defendant's

9

guilt beyond a reasonable doubt. *Gipson v. Sheldon*, 659 F. App'x 871, 881 (6th Cir. 2016).

The evidence against Petitioner was substantial. He showed familiarity with the restaurant's procedures and its cash register system, which Linihan described as requiring training to operate. Three witnesses identified him as the robber. In light of the deference owed to the state court's decision, the court concludes that Petitioner fails to clear the "nearly insurmountable hurdle" for petitioners seeking habeas relief on sufficiency-of-the-evidence grounds. *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2008) (internal citation omitted).

Finally, Petitioner's claim that the trial court erred by refusing to enter a directed verdict is a state-law claim not cognizable on federal habeas review. *King v. Trippett*, 27 F. App'x 506, 510 (6th Cir.2001) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68, (1991)).

### D.  Prosecutorial Misconduct (Claims III and VII)

Petitioner's third and seventh claims concern the prosecutor's closing and rebuttal arguments. Petitioner argues that the prosecutor improperly expressed her personal opinion about Petitioner's guilt. Specifically, Petitioner objects to the following arguments:

> No question that Petitioner committed an armed robbery that day.
>
> For those reasons, I ask that you find the defendant guilty of armed robbery because he is.

(ECF No. 9-3, PageID.189.)

> Find him guilty. Guilty of armed robbery. Hold him accountable for his actions. Find him guilty because he is guilty of armed robbery, Ladies and Gentlemen.

10

(*Id.* at 193.)

Because counsel did not object to the prosecutor's conduct, the Michigan Court of Appeals reviewed this claim for plain error. AEDPA's deferential standard of review applies to a state court's plain-error analysis of a defaulted claim. *Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017). The state court held that, considered in context, the prosecutor's comments were not improper because they "did not convey a special knowledge of the facts." *Matthews*, 2015 WL 1277000, at *3. Instead, "they were part of the larger argument regarding why the jury should find Matthews guilty on the basis of the testimony and other evidence." *Id.*

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, 567 U.S. 37, 45 (2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). This court must ask whether the Michigan Court of Appeals' decision denying Petitioner's prosecutorial misconduct claims "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Parker*, 567 U.S. at 47 (quoting *Harrington*, 562 U.S. at 103). The court finds that it was not.

"[P]rosectuors cannot inject their personal opinions into the case, particularly as to what the evidence shows …" *Stermer v. Warren*, 959 F.3d 704, 725 (6th Cir. 2020). When a prosecutor expresses a personal opinion concerning guilt, "two dangers" arise.

11

*United States v. Young*, 470 U.S. 1, 18 (1985). First, such comments "can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges." *Id.* Second, "the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." *Id.* at 18-19.

Read in the context of her entire closing and rebuttal arguments, the comments highlighted by Petitioner are not clearly improper. The prosecutor's remarks focused on the evidence presented and asked the jurors to conclude, based upon that evidence, that Petitioner was guilty of armed robbery. She did not imply she had "special knowledge of facts not in front of the jury." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999); *see also Cristini v. McKee*, 526 F.3d 888, 901 (6th Cir. 2008) ("Prosecutors can argue the record, highlight any inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence."). It is within the purview of a prosecutor to make such an argument.

The state appellate court's conclusion that no misconduct occurred is supported by the evidence and not contrary to, or an unreasonable application of, *Darden*. Petitioner is not entitled to habeas relief.

### E. Ineffective Assistance of Trial Counsel (Claim VIII)

Lastly, Petitioner seeks habeas relief on the ground that he received ineffective assistance of counsel. Specifically he claims that counsel was ineffective in failing to: (i) object to the prosecutor's misconduct, (ii) effectively cross-examine prosecution witnesses; and (iii) object to the admission of the surveillance video. The court holds that this claim is procedurally defaulted and, alternatively, meritless.

A "habeas petitioner procedurally defaults a claim if: (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default." *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (en banc) (quotation omitted).

Petitioner raised his ineffective assistance of trial counsel claim for the first time during state-court collateral review. The trial court, the last state court to issue a reasoned opinion regarding this claim, rejected the claim on the ground that Petitioner failed to show cause and prejudice for failing to raise this claim on direct appeal. The trial court relied on Mich. Ct. Rule 6.508(D)(3). (ECF No. 9-7.) Rule 6.508(D)(3) has been held to be an "adequate and independent" state law ground. *Ivory v. Jackson*, 509 F.3d 284, 292 (6th Cir. 2007). Petitioner's failure to comply with a state procedural rule that is an independent and adequate basis for denying relief means that the claim is procedurally defaulted absent a showing of cause for not complying with the state's procedural rules and actual prejudice resulting from the default. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Petitioner fails to allege cause for his default and, therefore, can only bypass the procedural default if he can establish that a constitutional error resulted in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995).

The Supreme Court has tied this miscarriage of justice exception to a petitioner's innocence. *Id*. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty

13

beyond a reasonable doubt." *Id.* at 327. Petitioner presents no new, reliable evidence in light of which no reasonable juror would have found him guilty. His ineffective assistance of counsel claim is barred by procedural default.

Alternatively, even if Petitioner has not defaulted this claim, he is not entitled to habeas relief because the claim is meritless. An ineffective assistance of counsel claim has two components. *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Id.* at 687. To establish deficient representation, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. In order to establish prejudice, a petitioner must show that, but for the constitutionally deficient representation, there is a "reasonable probability" that the outcome of the proceeding would have been different. *Id.* at 694.

First, Petitioner cannot show that he was prejudiced by counsel's failure to object to the prosecutor's arguments because he has not established that the prosecutor committed misconduct. "Omitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014).

Second, Petitioner also fails to show that counsel failed to competently cross-examine witnesses. Counsel cross-examined Linihan, Brock, and Graham extensively about their identification of Petitioner. He effectively raised the possibility that Linihan's identification was heavily influenced by Brock's and Graham's comments rather than her independent recollection. Petitioner fails to identity any meaningful areas where counsel's cross-examination fell below an objective standard of reasonableness. He argues that counsel should have cross-examined Linihan about her description of the

14

gun – she believed it was silver, but the police recovered a black gun from Petitioner's home.  Petitioner had little to gain from this suggested cross-examination.  Linihan testified that she only briefly looked at the gun and was not certain that it was silver.  So cross-examining her about the color of the gun would have done little to impeach her testimony.  Petitioner fails to show that counsel's cross-examination of any of the prosecution witnesses was deficient.

Petitioner maintains that counsel should have objected to prosecution witness Bradley Brock because Brock was not on the prosecution's original witness list.  Although Brock is not identified by name on the prosecution's witness list, the prosecution listed a "rep" of Subway.  (ECF No. 9-10, PageID40-41.)  It is reasonable to conclude that this referred to Bradley Brock, the franchise owner, and that counsel did not object for that reason.  Even if Subway "rep" did not refer to Brock, the trial court clearly had "the discretion to permit the prosecution to amend its witness list at any time."  *People v. Callon*, 256 Mich. App. 312, 327, 662 N.W.2d 501 (2003).  Counsel reasonably could have concluded that it would have been futile to object to Brock testifying.

Finally, Petitioner argues that counsel was ineffective for not challenging the admission of the surveillance video.  Plaintiff has not indicated what issues may have arisen in the chain of custody or provided any concrete reason to suspect the accuracy of the video.  Linihan testified that very shortly after the robbery, she reviewed the surveillance video in a back room of the Subway.  She testified that the video was a fair and accurate depiction of what happened on the night of the robbery.  (ECF No. 9-3, PageID.171.)  Given this history, the court sees no reason why counsel should have

objected to the video's admission and Petitioner does not show he was prejudiced by counsel's failure to do so.

Petitioner is not entitled to habeas relief on this claim.

### III.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the court denies a certificate of appealability.

### IV.  CONCLUSION

For the reasons set forth above, the court finds that Petitioner is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of appealability are DENIED.  IT IS FURTHER ORDERED that the Respondent's motion to dismiss, docketed as a response (ECF No. 9), is DENIED AS MOOT.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 24, 2021, by electronic and/or ordinary mail.

                                       S/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522